FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

SEP -8 PM 2: 18

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHOTSPOTTER, INC., and THE JOHNS HOPKINS UNIVERSITY, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 09-cv- ) |
| v. | ) JURY TRIAL DEMANDED ) |
| SECURE NETWORK SYSTEMS, LLC, | ) **1:09 cv-1105 SEB-TAB** ) |
| Defendant. | ) ) ) ) |

## COMPLAINT

Plaintiffs ShotSpotter, Inc. ("ShotSpotter"), and The Johns Hopkins University, by counsel, for their Complaint against Defendant Secure Network Systems, LLC ("SNS") allege and state:

### Parties

1. ShotSpotter is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1060 Terra Bella Avenue, Mountain View, CA 94043.

2. The Johns Hopkins University is a non-profit educational and research institution located at 34th and Charles Streets, Baltimore, Maryland 21218 and is organized and existing under the laws of the State of Maryland.

3. Upon information and belief, Defendant SNS is a limited liability company organized and existing under the laws of the State of Colorado, being headquartered at 4282 York Street, Dacono, Colorado 80514.

780378_

## Jurisdiction and Venue

4. This is an action for patent infringement of US. Patent No. 7,411,865 ("the '865 Patent") and U.S. Patent No. 6,965,541 ("the '541 Patent") arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1400(b).

6. This Court has personal jurisdiction over SNS because, *inter alia,* SNS has committed, or aided, abetted, contributed to, or participated in, acts of patent infringement in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## The Patents

8. ShotSpotter is the owner by assignment of the '865 Patent, entitled "System and Method for Archiving Data from a Sensor Array," which the United States Patent and Trademark Office duly and legally issued on August 12, 2008. A true and correct copy of the '865 Patent is attached hereto and incorporated by reference as Exhibit A. The claims of the '865 Patent are valid and enforceable. ShotSpotter owns by assignment all right, title and interest in the '865 Patent and has the right to sue for and obtain equitable relief and damages for infringement.

9. The Johns Hopkins University is the owner by assignment of the '541 Patent, entitled "Gun Shot Digital Imaging System," which the United States Patent and Trademark Office duly and legally issued on November 15, 2005. A true and correct copy of the '541 Patent is attached hereto and incorporated by reference as Exhibit B. The claims of the '541 Patent are valid and enforceable. The Johns Hopkins University owns by assignment all right, title and interest in the '541 Patent.

10. The Johns Hopkins University licensed the '541 Patent to Planning Systems, Inc.

11. Planning Systems, Inc. is the exclusive licensee of the '541 Patent with respect to municipal markets for law enforcement.

12. Planning Systems, Inc. sublicensed to ShotSpotter its entire right and interest in the '541 Patent.

13. ShotSpotter has the right to sue for and obtain equitable relief and damages for infringement of the '541 Patent.

## First Cause of Action

## Infringement of the '865 Patent by SNS

14. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-13 above.

15. Pursuant to 35 U.S.C. § 282, the '865 Patent is presumed valid.

16. SNS is without authority making, using, offering to sell, or selling products or services within this judicial district, including, a "gun shot detection system" that directly infringe, contributorily infringe, and induce infringement of one or more valid claims of the '865 Patent. The infringing "gun shot detection system" was described by SNS in its "Proposal for ITB0007173 Gunshot Detection System" submitted to the City of Indianapolis.

17. As a direct and proximate consequence of SNS's direct infringement, contributory infringement, and inducement to infringe the '865 Patent, Plaintiffs have suffered and will continue to suffer substantial and irreparable injury and damages in an amount not yet determined for which Plaintiffs are entitled to relief.

## Second Cause of Action

### Infringement of the '541 Patent by SNS

18. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-17 above.

19. Pursuant to 35 U.S.C. § 282, the '541 Patent is presumed valid.

20. SNS is without authority making, using, offering to sell or selling products and/or services within this judicial district, including, a "gun shot detection system" that directly infringe, contributorily infringe, and induce infringement of one or more valid claims of the '541 Patent. The infringing "gun shot detection system" was described by SNS in its "Proposal for ITB0007173 Gunshot Detection System" submitted to the City of Indianapolis.

21. As a direct and proximate consequence of Defendant SNS's direct infringement, contributory infringement, and inducement to infringe of the '541 Patent, Plaintiffs have suffered and will continue to suffer substantial and irreparable injury and damages in an amount not yet determined for which Plaintiffs are entitled to relief.

### Prayer for Relief

WHEREFORE, ShotSpotter and The Johns Hopkins University pray that this Court grant the following relief:

(a) A judgment that one or more claims of the '865 Patent is infringed by the SNS "gun shot detection system," and that SNS's making, using, offering to sell, or selling in the United States, or importing into the United States, the "gun shot detection system" infringes the '865 Patent either by direct infringement, contributory infringement and/or inducement to infringe;

(b) A judgment that one or more claims of the '541 Patent is infringed by the SNS "gun shot detection system," and that SNS's making, using, offering to sell, or selling in the

4

United States, or importing into the United States, the "gun shot detection system" infringes the '541 Patent either by direct infringement, contributory infringement and/or inducement to infringe;

(c) An award of damages adequate to compensate Plaintiffs for Defendant SNS's infringement of the '865 Patent and the '541 pursuant to 35 U.S.C. § 284;

(d) An award increasing damages up to three times the amount found or assessed by the Court in Plaintiffs' favor and against SNS for its infringement of the '865 Patent and the '541 Patent in view of the willful and deliberate nature of SNS's infringement;

(e) An Order permanently enjoining SNS, and its affiliates and subsidiaries, and each of their officers, agents, servants and employees, from making, using, offering to sell, or selling in the United States, or importing into the United States any "gun shot detection system" that infringes the '865 Patent either by direct infringement, contributory infringement and/or inducement to infringe until after the expiration date of the '865 Patent;

(f) An Order permanently enjoining SNS, and its affiliates and subsidiaries, and each of their officers, agents, servants and employees, from making, using, offering to sell, or selling in the United States, or importing into the United States any "gun shot detection system" that infringes the '541 Patent either by direct infringement, contributory infringement and/or inducement to infringe until after the expiration date of the '541 Patent;

(g) That Plaintiffs be awarded their attorney fees, costs and expenses incurred in prosecuting this action; and

(h) Such further and other relief as this Court deems just, proper, and equitable under the circumstances.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this case that may be properly submitted to a jury.

Dated: September 4, 2009

                                                    _____
Alastair J. Warr   Attorney No. 15873-49
Dean E. McConnell   Attorney No. 20254-49

KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN  46204-2079
Phone:  (317) 636-4341
FAX:  (317) 636-1507

Attorneys for Plaintiffs

Of counsel:

Mario Aieta
Satterlee Stephens Burke & Burke
230 Park Ave., Suite 1130
New York, NY  10169
Phone: (212) 818-9200

David P. Gordon
Gordon & Jacobson, P.C.
60 Long Ridge Road
Stamford, CT 06902
Phone: (203) 323-1800