UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHOTSPOTTER, INC. and THE JOHNS HOPKINS UNIVERSITY, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 1:09-cv-1105-SEB-TAB |
| v. | ) ) | |
| SECURE NETWORK SYSTEMS, LLC, | ) ) | |
| Defendant. | ) | |

**DEFENDANT SECURE NETWORK SYSTEMS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT [DOC. NO. 1], WITH JURY DEMAND**

Defendant Secure Network Systems, LLC ("SNS"), for its Answer to Plaintiffs ShotSpotter, Inc.'s and The John Hopkins University's (collectively "Plaintiffs") Complaint [Doc. No. 1], answers and alleges as follows:

**PARTIES**

1. SNS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Plaintiffs' Complaint and, therefore, denies the same.

2. SNS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Plaintiffs' Complaint and, therefore denies the same.

3. SNS admits the allegations of paragraph 3 of Plaintiffs' Complaint.

**JURISDICTION AND VENUE**

4. SNS denies the allegations of paragraph 4 of Plaintiffs' Complaint, but admits that this purports to be an action for patent infringement of United States patents.

5. SNS denies the allegation of paragraph 5 of Plaintiffs' Complaint, but admits that this Court has subject matter jurisdiction.

6. SNS denies the allegations of paragraph 6 of Plaintiffs' Complaint.

7. SNS denies the allegations of paragraph 7 of Plaintiffs' Complaint.

## THE PATENTS

8. SNS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of Plaintiffs' Complaint and, therefore, denies the same, but admits that U.S. Patent 7,411,865 ("the '865 Patent") was issued by the United States Patent and Trademark Office ("USPTO") on August 12, 2008, and a copy of the '865 patent was filed by Plaintiffs as Exhibit A to the Complaint.

9. SNS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of Plaintiffs' Complaint and, therefore, denies the same, but admits that U.S. Patent No. 6,965,541 ("the '541 Patent") was issued by the USPTO on November 15, 2005, and a copy of the '541 patent was filed by Plaintiffs as Exhibit B to the Complaint.

10. SNS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, therefore, denies the same.

11. SNS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, therefore, denies the same.

12. SNS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and, therefore, denies the same.

13. SNS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and, therefore, denies the same.

**FIRST CAUSE OF ACTION**
**Infringement of the '865 Patent by SNS**

14. Paragraph 14 is an incorporation clause and need not be further answered.

15. SNS admits the allegations of paragraph 15 of Plaintiffs' Complaint.

16. SNS denies the allegations of paragraph 16 of Plaintiffs' Complaint.

17. SNS denies the allegations of paragraph 17 of Plaintiffs' Complaint.

**SECOND CAUSE OF ACTION**
**Infringement of the '541 Patent by SNS**

18. Paragraph 18 is an incorporation clause and need not be further answered.

19. SNS admits the allegations of paragraph 19 of Plaintiffs' Complaint.

20. SNS denies the allegations of paragraph 20 of Plaintiffs' Complaint.

21. SNS denies the allegations of paragraph 21 of Plaintiffs' Complaint.

**PLAINTIFFS' PRAYER FOR RELIEF**

SNS denies that Plaintiffs are entitled to any of the relief set forth in the Prayer for Relief.

**AFFIRMATIVE DEFENSES**

As separate and affirmative defenses to the allegations of Plaintiffs' Complaint, SNS alleges further as follows:

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. SNS has not and does not directly or contributorily infringe, or induce infringement of any valid and enforceable claim of the '865 patent. Any interpretation of the claims of the '865 patent that would render them broad enough to cover the accused device would likewise render them invalid for violating 35 U.S.C. §§ 112, 102 and/or 103.

3. SNS has not willfully infringed the '865 patent.

4. SNS has not and does not directly or contributorily infringe, or induce infringement of any valid and enforceable claim of the '541 patent. Any interpretation of the

claims of the '541 patent that would render them broad enough to cover the accused device would likewise render them invalid for violating 35 U.S.C. §§ 112, 102 and/or 103.

5. SNS has not willfully infringed the '541 patent.

6. SNS reserves the right to amend its Answer and raise additional affirmative defenses, including but not limited to defenses of unenforceability, inequitable conduct, prosecution history estoppel, and incorrect payment of the maintenance fees at the small entity rate.

7. Plaintiffs' filing and maintenance of this action for patent infringement is unjustified, vexatious, and done in bad faith, thus making this an exceptional case under 35 U.S.C. § 285 for which SNS is entitled to an award of attorney's fees.

8. Plaintiffs' claims are barred or diminished for failing to mitigate their alleged damages.

9. Plaintiffs' claims are barred or diminished under the doctrine of governmental immunity.

**PRAYER FOR RELIEF**

SNS prays that Plaintiffs take nothing from their Complaint and that SNS be awarded reasonable fees and costs of suit.

## **JURY DEMAND**

SNS request a trial by jury for all issues to triable.

Respectfully submitted,

Dated:  October 30, 2009  By: s/ Robert R. Brunelli
 Robert R. Brunelli
  rbrunelli@sheridanross.com
 James M. Burke
  jburke@sheridanross.com
 SHERIDAN ROSS P.C.
 1560 Broadway, Suite 1200
 Denver, Colorado  80202-5141
 Telephone: 303-863-9700
 Facsimile: 303-863-0223
 E-mail: litigation@sheridanross.com

 ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail recipients:

Alastair J. Warr, Esq.
    awarr@kdlegal.com
Dean E. McConnell, Esq.
    dmcconnell@kdlegal.com
Krieg DeVault LLP
One Indiana Square, Suite 2800
Indianapolis, IN  46204-2079

                                                     s/ Lori R. Brown
                                                     Lori R. Brown
                                                     Assistant to Robert R. Brunelli
                                                     SHERIDAN ROSS P.C.
                                                     1560 Broadway, Suite 1200
                                                     Denver, Colorado  80202-5141
                                                     (303) 863-9700 – Telephone
                                                     (303) 863-0223 – Facsimile
                                                     E-mail:  lbrown@sheridanross.com
                                                                 litigation@sheridanross.com